UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X

SAMANTHA MOORE, *on behalf of herself and all others similarly situated,*

                Plaintiff,

    – against –

MIDLAND CREDIT MANAGEMENT, INC.,

                Defendant.
------------------------------------------------------------ X

**MEMORANDUM AND ORDER**
2:19-CV-00959 (AMD) (SJB)

**ANN M. DONNELLY**, United States District Judge:

On May 21, 2019, the plaintiff filed this amended complaint, on behalf of herself and others similarly situated, alleging that the defendant, Midland Credit Management, Inc., violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (ECF No. 11.) On July 26, 2019, the defendant moved to dismiss the amended complaint. (ECF No. 17.) For the reasons that follow, the defendant's motion is granted and the amended complaint is dismissed.

## BACKGROUND[1]

On September 20, 2017, the defendant sent the plaintiff a letter advising her of a past due debt on an Old Navy credit card issued by Synchrony Bank. (ECF No. 11 ¶¶ 7, 9.) The letter stated that the plaintiff's "current balance" of the debt was $522.05, and provided her three different payment options. (*Id.* ¶ 16; *see also* ECF No. 11-1.) The first offered to discharge her debt if she paid 60% of the current balance amount (or a 40% discount) in one lump sum

---

[1] For purposes of this motion, I accept as true the factual allegations in the amended complaint and draw all reasonable inferences in the plaintiff's favor. *See Town of Babylon v. Fed. Hous. Fin. Agency*, 699 F.3d 221, 227 (2d Cir. 2012). In her amended complaint, the plaintiff relies on the letter that the defendant sent her and attaches it as an exhibit. (ECF No. 11-1.) Accordingly, I consider the letter in deciding this motion. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002); Fed R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

payment on October 20, 2017. (ECF No. 11-1.) The second offered to discharge her debt if she paid 80% of her current balance amount (or a 20% discount) in six monthly installments of $69.61 each. (*Id.*) The third offered a customizable schedule, with "monthly payments as low as $50 per month." (*Id.*) The letter noted that the plaintiff should call the defendant to "discuss [her] options and get more details" if she were to choose the customizable payment schedule. (*Id.*)

## LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hogan v. Fischer*, 738 F.3d 509, 514 (2d Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft*, 556 U.S. at 678). Although the pleading standard does not require "detailed factual allegations," it demands "more than labels and conclusions" and "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## DISCUSSION

"Congress enacted the FDCPA to protect against the abusive debt collection practices likely to disrupt a debtor's life." *Cohen v. Rosicki, Rosicki & Assocs., P.C.*, 897 F.3d 75, 81 (2d Cir. 2018) (internal quotations and citation omitted). Accordingly, it prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C.A. §§ 1692, 1692e.

"In the Second Circuit, the question of whether a communication complies with the FDCPA is determined from the perspective of the 'least sophisticated consumer.'" *Kolbasyuk v.*

2

*Capital Mgmt. Servs., LP*, 918 F.3d 236, 239 (2d Cir. 2019) (citation and internal quotation marks omitted). This standard requires "an objective analysis that seeks to protect the naïve from abusive practices, while simultaneously shielding debt collectors from liability for bizarre or idiosyncratic interpretations of debt collection letters." *Greco v. Trauner, Cohen & Thomas, L.L.P.*, 412 F.3d 360, 363 (2d Cir. 2005) (internal citations omitted). "The hypothetical least sophisticated consumer does not have the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer, but is neither irrational nor a dolt." *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d. Cir. 2010) (citation omitted). "[A] collection notice may violate the FDCPA when it is sufficiently ambiguous to give rise to a reasonable, but inaccurate, interpretation." *Kolbasyuk*, 918 F.3d at 239 (citation omitted).

The essence of the plaintiff's claim is that the letter falsely implies that the balance of her debt might increase. (ECF No. 11 ¶ 18.) Specifically, the plaintiff alleges that the least sophisticated consumer might believe that her balance would increase through interest or late charges because of the reference to the "current balance" of her debt. (*Id.*) The plaintiff also alleges that the third payment option could lead the "least sophisticated consumer" to conclude that the total amount of her payments might exceed the "current balance" if she chose to pay as low as $50 per month. (*Id.* ¶ 20.) The plaintiff admits that the debt was not actually "accruing interest, late charges, and/or other charges" in any event. (*Id.* ¶ 21.)

The Second Circuit rejected these arguments in *Taylor v. Financial Recovery Services, Inc.*, 886 F.3d 212 (2d Cir. 2018), ruling that "if a collection notice correctly states a consumer's balance without mentioning interest or fees, and no such interest or fees are accruing, then the notice will neither be misleading within the meaning of Section 1692e, nor fail to state accurately the amount of the debt under Section 1692g." *Id.* at 215. Courts in this Circuit applying *Taylor*

have found that debt collectors do not violate the FDCPA by using the term "current balance" when interest is not accruing because a consumer would understand that the debt would be satisfied if she paid the stated amount. *See, e.g., Hussain v. Alltran Fin., LP*, No. 17-CV-3571, 2018 WL 1640584, at *2 (E.D.N.Y. Apr. 4, 2018) (listing the "current amount due," when the debt is not accruing interest, is not misleading under *Taylor* because "a reasonable consumer is likely to assume that paying the amount listed on a debt collection letter will satisfy his debt"); *Bella v. Bureaus Inv. Grp. Portfolio No. 15 LLC*, No. 17-CV-6115, 2019 WL 2295840, at *4 (E.D.N.Y. May 30, 2019) (The "least sophisticated consumer would not have been prejudicially misled" by the "collection letter's use of the phrase 'total current balance,' rather than 'total balance'"); *Witt v. Midland Funding LLC*, 409 F. Supp. 3d 58, 62 (E.D.N.Y. 2019) ("Plaintiffs contend that use of the word 'current' is misleading because it implies that the debt may change. As noted above, this argument has been soundly rejected by courts in this district, as it is here."). The plaintiff acknowledges that interest or other fees were not accruing. (ECF No. 11 ¶ 21.) Accordingly, this case is governed by *Taylor*.

The plaintiff's efforts to sidestep *Taylor* are not convincing. First, the plaintiff cites pre-*Taylor* cases for the proposition that debt collectors must inform consumers that their balance may increase due to interest and fees to avoid consumer confusion. (*See* ECF No. 19 at 3-4 (citing *Azzara v. Nat'l Credit Adjusters, LLC*, No. 16-CV-01213, 2017 WL 2628875, at *2 (N.D.N.Y. June 19, 2017) and *Thomas v. Midland Credit Mgmt., Inc.*, No. 17-CV-00523, 2017 WL 5714722, at *4 (E.D.N.Y. Nov. 27, 2017)). Those cases rely, in turn, on *Avila v. Riexinger & Associates, LLC*, 817 F.3d 72 (2d Cir. 2016), a Second Circuit case that *Taylor* explicitly modified to eliminate any duty on the part of debt collectors to inform consumers that their

4

balance is *not* accruing interest or fees. Therefore, *Avila* cases do not control in cases where interest and fees are not accruing on the plaintiff's debt.

The plaintiff's reliance on the general standard that "a collection notice can be misleading if it is open to more than one reasonable interpretation, at least one of which is inaccurate" is even more unconvincing. (ECF No. 19 at 3.) The plaintiff acknowledges that courts in this Circuit have rejected her claim, but says that the least sophisticated consumer could reasonably interpret the letter to imply that her debt was accruing interest, even though nothing in the letter says that it was. (*See* ECF No. 19 at 3 ("Plaintiff's Complaint alleges that one reasonable interpretation by the least sophisticated consumer of the word 'current' to describe the balance could be that her balance might increase."), at 5 ("Although *Hope* [] and perhaps as many as three other decisions disagree with Plaintiff...these other decisions do not require or even warrant dismissal since, based on the above, Plaintiff's interpretation of the word 'current' is one reasonable interpretation among other reasonable but different interpretations."). In fact, the plaintiff's interpretation is not reasonable, and certainly not one that an unsophisticated consumer would have. *See Ghulyani v. Stephens & Michaels Assocs., Inc.*, No. 15-CV-5191, 2015 WL 6503849, at *3 (S.D.N.Y. Oct. 26, 2015) ("[The plaintiff], in an attempt to find such an interpretation, asks this Court to re-write the Letter, pretending the clause 'Balance Due as of the Date of this Letter' actually reads 'Balance Due as of the Date of this Letter, as your balance may be subject to increase due to interest, late fees, or other charges.' I decline to reconstruct the Letter to support this farfetched and implausible interpretation."); *see also Donaeva v. Client Servs., Inc.*, No. 18-CV-6595, 2019 WL 3067108, at *4 (E.D.N.Y. July 12, 2019) ("Like many FDCPA cases, this is a lawyer's case, by which I mean that it alleges a defect of which only a sophisticated lawyer, not the least sophisticated consumer, would conceive.") (citation omitted).

I also reject the plaintiff's arguments about the language of the third payment option, which the plaintiff says "could be interpreted by the least sophisticated consumer in a manner that would cause such consumer to falsely believe that her balance might increase." (ECF No. 19 at 7.) This payment option offered a customizable payment schedule and invited the plaintiff to call the defendant to "discuss [her] options and get more details" if she chose it. (ECF No. 11-1.) There is no reasonable reading of this offer that could imply that the plaintiff's balance would increase or that the plaintiff would be responsible for paying anything more than the stated balance.

The cases on which the plaintiff relies, *Watson v. Midland Credit Management, Inc.* and *Romonoyske v. Alltran Financial, LP*, do not support her interpretation. In *Watson*, the court held that the same payment offer language was misleading because it did not specify the "exact dollar amount nor [the] total number of monthly payments needed to satisfy the debt." No. 18-CV-02400, 2019 WL 2527295, at *6 (E.D.N.Y. June 19, 2019). And, interests and fees *were* accruing on the plaintiff's debt. The court recognized that if "interests and other fees are no longer accruing on Plaintiffs' debts, then, under *Taylor*, the letters would not be misleading." *Id.* at *6 (citation omitted).

*Romonoyske* is also distinguishable, because the letter instructed the debtor to "call her 'account representative' to obtain 'further information about [her] balance;'" thus, raising a question about the amount of the balance. No. 18-CV-7138, 2019 WL 1748605, at *1 (E.D.N.Y. Apr. 17, 2019). The letter here does not require the recipient to take further action to determine how much she owed—it merely asks her to call to arrange the payment schedule to settle the stated debt. There is no ambiguity about the amount due.[2]

---

[2] The plaintiff's attorney made all of these arguments in *Hope v. Midland Credit Management, Inc.*, 19-CV-01341, 2019 U.S. Dist. LEXIS 157604 (E.D.N.Y. Aug. 22, 2019). He cited the same cases,

## CONCLUSION

The defendant's motion to dismiss is granted. The complaint is dismissed for failure to state a claim upon which relief may be granted. The Clerk of Court is respectfully directed to enter judgment in favor of the defendant and close the case.

**SO ORDERED.**

                                                      s/Ann M. Donnelly
                                                ANN M. DONNELLY
                                                United States District Judge

Dated: Brooklyn, New York
        February 24, 2020

---

dictionary definitions, arguments and theories for the proposition that an identical letter from the same defendant violated the FDCPA. The Honorable Eric N. Vitaliano rejected the claim and all of the plaintiff's arguments, concluding that "simply put, [the plaintiff] himself asserts that no interest or fees were accruing on the debt, and there is no language in the letter suggesting otherwise." *Id.* at *9.